R. H. BASS AND ANOTHER v. E. W. PEEVEY.

The interest that disqualifies a witness, must be in the event of the suit itself, and not in the question to be decided.

Where A and B had made a bet, on the result of a horse race ran by other parties, in a suit by A against B, for the amount of the wager, to entitle B to maintain his defence, that there was fraud in the management and running of the race, by some of the parties conducting it, whereby he had not fairly lost the wager, it is not necessary that the answer should charge the plaintiff with notice of the fraud, to let in the evidence. A party cannot derive a benefit, from the fraudulent act of another, though he may have had no knowledge of the fraud.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

This was a suit brought by the appellee, against R. H. Bass, one of the appellants, for a buggy, claimed, in the petition, to have been won by Peevey from him, on the result of a horse race, which had been made and run between one C. E. De Witt, on the one part, and one Irvine, on the other part, and against A. T. Bass, for combining with the said R. H. Bass, fraudulently to deprive him of the buggy. Defendants pleaded that the race was fraudulently run, in this, that the rider of the beaten horse, (on which said R. H. Bass bet,) was fraudulently procured to hold in said horse during the race; that there was

bribery in the management and riding of the race, practiced by Alfred Bailes, and his rider, by which said horse was beaten; that by reason of such combinations and practices, without the knowledge or consent of defendants, the race was not fairly run, and the plaintiff did not fairly or justly win the said buggy. There was no allegation, in the plea, that. the appellee had notice of or participated in the fraud.

The defendant offered to prove the fraud, as alleged, by De Witt, one of the makers of the race, and that the race was what is called "a throw-off race;" which was objected to by the plaintiff, and the objection sustained by the court. To this ruling, the defendants excepted. Verdict and judgment in favor of the plaintiff, for $150. Motion for new trial, by defendants, overruled. Defendants gave notice of appeal.

*Stewart* and *Mills*, for appellants.

*T. M. Harwood*, for appellee.

WHEELER, CH. J. It does not appear that the witness, De Witt, was incompetent, from interest, to testify. The interest which disqualifies a witness, must be in the event of the cause itself, and not in the question to be decided. His liability to a like action, or his standing in the same predicament with the party, unless the verdict can be given in evidence for or against him, is an interest in the question only, and does not exclude him.

Nor was it necessary that the answer should have charged the plaintiff with notice of the fraud, in order to let in the evidence. A party cannot take a benefit from the fraudulent acts of another, though he may not have had knowledge of the fraud. There was error in excluding the evidence, for which the judgment must be reversed.

Reversed and remanded.